IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02861-BNB

SHAWN LA'VELLE ROLLINS,

      Applicant,

v.

JAMES FALK, Sterling Corr. Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## ORDER OF DISMISSAL

---

Applicant, Shawn La'Velle Rollins, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado.  Mr. Rollins has filed a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) ("the Application") challenging the validity of the sentence he is serving as a result of his conviction in case number 06CR10935 in the Denver District Court.

On October 22, 2013, Magistrate Judge Boland ordered Respondents to file a Pre-Answer Response limited to raising the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action.  On November 8, 2013, Respondents filed a Pre-Answer Response (ECF No. 9) arguing that the Application should be denied because it is untimely and because the claims Mr. Rollins asserts are unexhausted and procedurally barred.  Mr. Rollins has

not filed a reply to the Pre-Answer Response despite being given an opportunity to do so.

The Court must construe the Application liberally because Mr. Rollins is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action without prejudice for failure to exhaust state remedies.

Mr. Rollins pled guilty to one count of escape and two habitual criminal counts. (*See* ECF No. 1 at 10; ECF No. 9-1 at 5.) On June 5, 2007, he was sentenced to thirty-six years in prison. (*See id.*) Mr. Rollins did not file a direct appeal or otherwise challenge the validity of his conviction or sentence until May 2013 when he filed an original proceeding in the Colorado Supreme Court pursuant to Rule 21 of the Colorado Rules of Appellate Procedure. (*See* ECF No. 9-1 at 5; ECF No. 9-2.) On June 6, 2013, the Colorado Supreme Court denied the Rule 21 petition without addressing the merits of the claims asserted. (*See* ECF No. 1 at 17.)

The Application was filed on October 18, 2013. Mr. Rollins contends in the Application that his constitutional rights to due process and equal protection have been violated and that he is being subjected to cruel and unusual punishment because the State of Colorado enacted a new sentencing law in 2012 but failed to apply the law retroactively. According to Mr. Rollins, the enhanced sentence he is serving is illegal and grossly disproportionate and the maximum term of imprisonment to which he could be sentenced under the new law is twelve years.

2

Respondents first argue that this action is untimely because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents' sole argument with respect to the timeliness issue is that the one-year limitation period commenced in 2007 when the judgment of conviction in Mr. Rollins' criminal case became final and ran unabated until it expired one year later in

3

2008.  Respondents do not address the possibility that the one-year limitation period may have commenced on some later date because the claims Mr. Rollins is asserting are predicated on the enactment of a law that he alleges did not exist prior to 2012. Because it is not clear to the Court that this action is untimely, the Court will not dismiss the Application as barred by the one-year limitation period.

Respondents also argue that the claims Mr. Rollins is asserting are unexhausted and procedurally barred.  Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever*, 36 F.3d at 1534.

In addition, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement.  *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts."  *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional claim in the state

court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

The Court agrees with Respondents that Mr. Rollins has failed to exhaust state remedies because the Rule 21 petition Mr. Rollins filed in the Colorado Supreme Court in May 2013 does not satisfy the fair presentation requirement. If a "claim has been presented [to the state's highest court] for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, . . . [r]aising the claim in such a fashion does not, for the relevant purpose, constitute fair presentation." *Castille*, 489 U.S. at 351 (internal quotation marks and citation omitted); *see also Parkhurst v. Shillinger*, 128 F.3d 1366, 1369 (10th Cir. 1997) (state procedure that is discretionary and limited in scope does not constitute fair presentation).

The Colorado Supreme Court, in its discretion, may decline to address the merits of claims asserted in an original petition for an extraordinary writ. *See* C.A.R. 21; *see also Rogers v. Best*, 171 P.2d 769, 770 (Colo. 1946). Furthermore, relief under Colorado Appellate Rule 21 "shall be granted only when no other adequate remedy . . . is available," C.A.R. 21(a)(1), and Mr. Rollins fails to demonstrate that no other adequate state court remedy exists. As a result, the denial by the Colorado Supreme Court of the original petition for an extraordinary writ Mr. Rollins filed does not indicate

that the state court considered the merits of the arguments he raised.  *See Bell v. Simpson*, 918 P.2d 1123, 1125 n.3 (Colo. 1996).

Although the Court agrees with Respondents that Mr. Rollins has failed to exhaust state remedies, the Court is not persuaded that the claims are procedurally barred.  Respondents specifically argue that Mr. Rollins' claims are subject to an anticipatory procedural default because any attempt to pursue those claims in Colorado state court pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure would be dismissed as time-barred based on the three-year statute of limitations applicable to Rule 35(c) motions.  *See* Colo. Rev. Stat. § 16-5-402(1).  However, Respondents fail to address the possibility that Mr. Rollins could demonstrate justifiable excuse for failing to seek relief within the applicable time period because his claims are predicated on the enactment of a law that did not exist prior to 2012.  *See* Colo. Rev. Stat. § 16-5-402(2)(d).  Therefore, the Court will dismiss the Application without prejudice for failure to exhaust state remedies.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is DENIED and the action is DISMISSED without prejudice

for failure to exhaust state remedies.  It is

FURTHER ORDERED that no certificate of appealability will issue because

Applicant has not made a substantial showing of the denial of a constitutional right.

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

DENIED without prejudice to the filing of a motion seeking leave to proceed *in forma*

*pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this __9th__ day of ___December_____, 2013.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

7